Glenn Katon, SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
(510) 463-3350
(510) 463-3349 (fax)
gkaton@katon.law

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. SMITH, JR.<br><br>Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT DISTRICT; BRYAN TRABANINO; WILSON VELASQUEZ-OCHOA; JIMMY CHUNG; ANTWINETTE TURNER,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

1. Michael D. Smith, Jr. ("Smith") is a young African-American man who brings this case to vindicate his civil rights violated egregiously by BART Police. Smith was riding BART in July 2016 with his then-girlfriend to a doctor's appointment to check on her pregnancy. Immediately upon exiting the train at Embarcadero Station, BART Police pointed guns at the faces of Smith and his companion, and yelled at them to get on the ground. Smith asked what was happening, whereupon officers threw him to the ground, smashing his face against the platform. Officers handcuffed and frisked him, while another searched his small bag. They quickly

determined that Smith had no weapon or other evidence of crime.

2. At no time did the officers question Smith about a crime of which he was suspected. At no time did they address him as a human being who might not have done anything wrong, which he had not. Indeed, instead of deescalating the encounter by simply explaining the reason for their siege and asking for cooperation while they tried to resolve a complaint, Defendant officers escalated the situation, screaming and pointing weapons, terrifying Smith, his companion, and the entire platform of BART riders.

3. Defendant officers were not finished with Smith after they incapacitated him and determined he posed no threat. They proceeded to beat him severely, including punching him in the face, and using their knees and bodyweight to crush his chest into the train platform and prevent him from breathing. Smith survived the attack, but not without significant injury and being arrested on trumped up charges.

## II. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and (a)(4), which provide for original jurisdiction of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred by 28 U.S.C. § 1331 because claims for relief derive from the Constitution of the United States and the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for Northern District of California pursuant to 28 U.S.C. § 1391, in that the events and circumstances giving rise to Plaintiff's claims occurred in San Francisco. In addition, Defendant BAY AREA RAPID TRANSIT DISTRICT is headquartered in Oakland and, upon information and belief, all Defendants reside in the State of California.

## III. PARTIES

6. Plaintiff Michael D. Smith, Jr. is a resident of Oakland, California.

7. Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is a governmental entity, duly organized and existing under the laws of the State of California. BART

operates the BAY AREA RAPID TRANSIT DISTRICT POLICE DEPARTMENT ("BART PD"). Smith filed a timely administrative claim with BART under the California Government Claims Act by letter dated January 12, 2017. BART rejected his claim by letter dated March 4, 2017.

8. Defendant BRYAN TRABANINO ("Trabanino") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

9. Defendant WILSON VELASQUEZ-OCHOA ("Velasquez-Ochoa") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

10. Defendant JIMMY CHUNG ("Chung") was an officer working for the BART PD, acting within the course and scope of his employment, under color of law, at all relevant times. He is sued in his individual capacity.

11. Defendant ANTWINETTE TURNER ("Turner") was an officer working for the BART PD, acting within the course and scope of her employment, under color of law, at all relevant times. She is sued in her individual capacity.

### IV. FACTS

12. On July 29, 2016, Smith was travelling on BART from the East Bay to San Francisco with Andrea Appleton, his then-girlfriend. They were going to a doctor's appointment for her pregnancy. Both are African-American.

13. Smith and Appleton exited the train at Embarcadero Station. As they stepped onto the platform, at least two Defendant officers pointed guns in their faces and yelled at them to get on the ground. Smith was shocked to have a weapon pointed at him and officers yelling loudly without any explanation of what was happening. The officers neither explained to Smith that he was suspected of a crime, nor asked him any questions about his possible involvement in a crime.

14. Smith asked the officers what was going on and why they were approaching him this way. The officers provided no explanation for their assault on him. Instead, one or more of the

officers proceeded to grab Smith and throw him to the ground so that his body and face hit the ground.

15. An officer handcuffed Smith while he was on the ground and officers frisked him and searched his small bag. He was wearing only a t-shirt and shorts. They quickly determined that Smith possessed neither weapons nor any other evidence of crime.

16. Nevertheless, after the officers had neutralized any potential threat that Smith could have imposed, at least three officers pressed their knees and bodyweight into Smith's body, causing him severe pain and making it difficult for him to breathe. Smith tried to move so he could breathe and to alleviate the pain the officers were inflicting, but the officers continued to beat him. One officer punched Smith squarely in the face even though he was handcuffed and otherwise incapacitated.

17. The officers continued to beat Smith for several minutes while he was handcuffed and otherwise incapacitated.

18. Further, the officers continued to beat Smith during the process of arresting him, also while he was handcuffed and posed no threat to them.

19. The officers did, in fact, arrest Smith even though they had no probable cause to believe he committed a crime, and he remained in jail and deprived of his liberty for approximately two weeks based upon false charges. Smith was tried on those charges, which produced no conviction. Smith's detention and trial constituted additional intimidation and coercion.

20. Smith believes Officers Trabanino, Velasquez, and Chung, were the main officers who beat him. All four Defendant officers, including Turner, had a duty to intervene and protect Smith from the others who were senselessly beating and falsely arresting him. Thus, the four Defendant officers integrally participated and were fundamentally involved in Smith's beating and arrest.

21. The excessive force used against Smith by the Defendant officers was pursuant to the policy, practice, and custom of BART Police. A BART Deputy Police Chief stated publicly

that the officers' actions were appropriate and "they did what they were trained to do."

## V.  CLAIMS

### COUNT ONE
### 42 U.S.C. § 1983 (Fourth Amendment – Unreasonable Seizure)

22. Based upon the facts alleged, Trabanino, Velasquez, Chung, and Turner violated Smith's Fourth Amendment right to be free from unreasonable seizures, causing him significant injury.

### COUNT TWO
### 42 U.S.C. § 1983, Municipal Liability (Fourth Amendment – Unreasonable Seizure)

23. Based upon the facts alleged, BART had a policy, custom, or practice that caused the violation of Smith's Fourth Amendment right to be free from unreasonable seizures, causing him significant injury.

### COUNT THREE
### Bane Act

24. Based upon the facts alleged, all Defendants' conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Smith's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

### COUNT FOUR
### California Government Claims Act (False Arrest)

25. Based upon the facts alleged, Defendants wrongfully arrested Smith without a warrant and without probable cause, causing him significant injury.

### COUNT FIVE
### California Government Claims Act (Negligence)

26. Based upon the facts alleged, Defendants breached their duty of reasonable care to prevent harm to Smith, causing him significant injury.

### COUNT SIX
### California Government Claims Act (Assault and Battery)

27. Based upon the facts alleged, Defendants acted, intending to cause harmful contact to Smith, who reasonably believed that he was about to be touched in a harmful manner, causing

him significant injury. Further Smith did not consent to Defendants' touching and was harmed by Defendants' conduct.

### COUNT SEVEN
### California Government Claims Act (Intentional Infliction of Emotional Distress)

28. Based upon the facts alleged, Defendants' conduct was outrageous and intended to cause Smith emotional distress, Smith did suffer emotional distress, and Defendants' conduct was a substantial factor in causing Smith's severe emotional distress.

### JURY DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smith demands judgment in his favor, to include:

a) General damages, including but not limited to, pain, suffering, humiliation, and deprivation of liberty, in an amount determined according to proof;

b) Special damages, including but not limited to, past, present and/or future wage loss, income and support, and other special damages in an amount determined according to proof;

c) Reasonable attorney's fees as provided by law;

d) Costs of court;

e) Such further relief in favor of Plaintiff as is just and proper.

DATED: September 1, 2017

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFF